UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06322-SVW-JPR | Date | April 15, 2025 |
|---|---|---|---|
| Title | *Ana Cruz De Ortiz v. United States of America et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   FINDINGS OF FACT AND CONCLUSIONS OF LAW

## I.   Introduction

The present case is brought by Plaintiff Ana Cruz De Ortiz ("Ortiz") under the Federal Tort Claims Act against the United States, alleging that a USPS vehicle caused a car accident that injured her. On April 8, 2025, the Court held a bench trial in this case. The Court, having considered the facts and argument presented at trial, grants judgment for the United States for the following reasons.

## II.   Liability

The primary witness for the United States regarding liability was the driver of the USPS vehicle in question, Jaylin Roberson ("Roberson"). The Court finds Roberson's testimony credible, especially because his testimony was corroborated by the accident report which nearly identically matched his description of the facts at trial. Roberson testified to the following facts.

At some time around 5:00 p.m. on December 3, 2020, Roberson was traveling eastbound in the right lane of West 54th Street, approaching the intersection of West 54th Street and South Flower Street. West 54th Street has one lane going each direction, and South Flower Street is a two lane one-way street with STOP signs at the intersection.

|   | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06322-SVW-JPR | Date | April 15, 2025 |
|---|---|---|---|
| Title | *Ana Cruz De Ortiz v. United States of America et al* | | |

As Roberson approached the intersection, vehicles traveling on South Flower Street were cutting across the intersection, disregarding the STOP signs, and homeless persons from an encampment under the overpass ahead were loitering in the right lane of West 54th Street. Roberson came to a complete stop before entering the intersection so that he could ensure no vehicles were coming from South Flower Street. He angled his postal vehicle slightly to the right to get a better view through the postal vehicle's left-side window of potential vehicles coming from South Flower Street.

Once he determined it was safe to proceed, Roberson proceeded into the intersection, going no more than five miles per hour. Within moments of entering the intersection, Ortiz's vehicle suddenly came from behind Roberson's vehicle, attempting to speed past and in the process sideswiping Roberson's vehicle and ripping off its left front bumper.

Ortiz then turned left onto South Flower Street and parked her car on the east side of the street. Roberson pulled forward and parked his vehicle on the north side of West 54th Street. Roberson testified that he was aware that this was the wrong side of the street on which to park but parked there anyway in order to avoid parking next to the homeless encampment under the overpass.

Ortiz, meanwhile, testified that Roberson, upon arriving at the intersection, veered right as if to turn right and, when Ortiz attempted to proceed past his vehicle, began to execute an unsignaled u-turn that caused the front of his vehicle to collide with the passenger side of Ortiz's vehicle. Ortiz further testified that this impact caused her vehicle to spin 90 degrees, making her park on the east side of South Flower Street. Notably, Ortiz admitted that she was driving at around 30-35 miles per hour and that she was only about one car length behind Roberson's vehicle before the crash.

The Court finds Roberson's story the more likely version of events for several reasons. Roberson's story was corroborated by both the accident report and the physical evidence, which showed damage to Ortiz's vehicle consistent with Roberson's story. Additionally, at trial Ortiz seemed unsure of her recollection and her version of events appeared to the Court to be implausible based upon the physical evidence and the credibility of Roberson's testimony. The one issue with Roberson's story – that the postal truck was parked on the wrong side of the street after the accident – was sufficiently explained by Roberson's parking there to avoid any danger from parking next to the homeless encampment under the overpass. Roberson was proceeding at a slow speed if not entirely stopped, and

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06322-SVW-JPR | Date | April 15, 2025 |
|---|---|---|---|
| Title | *Ana Cruz De Ortiz v. United States of America et al* | | |

the more likely cause of the crash was Ortiz following too closely and attempting to pass on the left, which was unsafe at such a busy intersection.

In sum, even though it is unnecessary for the United States to prove who caused the crash, the Court finds that the accident more likely than not happened the way Roberson describes. Therefore, Ortiz has failed to carry her burden to establish negligence by Roberson.

### III.    Equitable Tolling

The Court, having somewhat reconsidered its ruling at the summary judgment stage, additionally finds that Ortiz's claims are barred because she did not sufficiently demonstrate that equitable tolling should apply.

Ortiz's counsel initially submitted an administrative claim to USPS on March 15, 2022. Once six months passes from submission of the claim, a claimant may file litigation at any time. On June 21, 2022, a USPS claim examiner mailed an acknowledgement letter to Ortiz's counsel advising him of the six-month litigation clock, which letter Ortiz's counsel claims he never received. On July 27, 2022, Ortiz's counsel submitted a demand letter to USPS which indicated that he would file suit if USPS made no answer by September 30, 2022. No lawsuit was filed on or around September 30, 2022.

On January 9, 2023, the USPS examiner called Ortiz's counsel, which call went to voicemail. Ortiz's counsel returned the call later the same day, provided the USPS truck number via voicemail, and requested the appropriate email address to which to send photographs. Ortiz's counsel never received an answer.

On July 24, 2023, USPS issued and mailed via certified mail its final denial of Ortiz's claim addressed to Ortiz's counsel. Ortiz's counsel alleges that he never received this letter. In the summary judgment briefing, Ortiz submitted a copy of the USPS tracking information for the denial letter, which indicated that the denial letter arrived at the USPS distribution center in Los Angeles but went no further. Subsequently, on July 26, 2024, Ortiz and her counsel, having not received any word from USPS, filed the instant lawsuit.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06322-SVW-JPR | Date | April 15, 2025 |
|---|---|---|---|
| Title | Ana Cruz De Ortiz v. United States of America et al | | |

Ortiz's deadline to file her lawsuit is set by the FTCA, which states that claims "shall be forever barred" where an action is not "begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Further, although Ortiz alleges that she never received the final denial letter, the Ninth Circuit has specifically rejected the argument that receipt of the letter is required for the FTCA's statute of limitations to run. *See Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988) ("[the plaintiff] would have this court impose the additional requirement that the mailing result in actual notice to the claimant…we refrain from adopting [plaintiff's] proposal, and hold that the date of the initial mailing of a properly certified or registered letter begins the six-month statutory period"); *see also Galvan v. United States*, 957 F. Supp. 2d 1182, 1185 (E.D. Cal. 2013) (citing *Berti*, 860 F.2d at 340) ("Plaintiffs argue that actual receipt is required to trigger the six month deadline . . . The Ninth Circuit has specifically rejected Plaintiffs' argument in an earlier case"). Therefore, Ortiz's deadline to file this lawsuit was January 24, 2024, six months from the date of July 24, 2023, when USPS mailed the final denial. Ortiz filed this lawsuit on July 24, 2024, six months after the deadline. Therefore, Ortiz's lawsuit was filed beyond the deadline.

Since Ortiz filed her lawsuit beyond the established deadline, the remaining question is whether an equitable doctrine applies to excuse missing that deadline. Ortiz argues for the application of equitable tolling, arguing that she could not have known of the deadline because she never received the denial letter from the USPS.

There are two main considerations in granting equitable tolling: (1) the plaintiff must have been pursuing their rights diligently, and (2) some extraordinary circumstances must have stood in the plaintiff's way. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015) (citing *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221 (2012)).

The first element (plaintiff's pursuit of their rights) "requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). As for the second element, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06322-SVW-JPR | Date | April 15, 2025 |
|---|---|---|---|
| Title | *Ana Cruz De Ortiz v. United States of America et al* | | |

*Holland v. Fla.*, 560 U.S. 631, 651-52 (2010) (cleaned up). Instead, a litigant must show that "extraordinary circumstances were the cause of his untimeliness and…made it impossible to file [the document] on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (cleaned up). Accordingly, "[e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control." *Harris v. Carter,* 515 F.3d 1051, 1055 (9th Cir.2008).

Now with the facts fully before it at trial, the Court finds that Ortiz has not satisfied the first element of equitable tolling. At any point after September 15, 2022 (six months after Ortiz' counsel submitted the claim), Ortiz's counsel could have filed suit. Ortiz's counsel last heard from USPS about the claim on January 9, 2023, when the USPS examiner called Ortiz's counsel regarding the claim. After that point, because the notice of denial was never delivered, Ortiz's counsel did not hear a word from USPS. Yet Ortiz's counsel did not file this lawsuit for 18 months following this call, despite also indicating in the demand letter that he intended to sue as soon as September 30, 2022, nearly two full years before Ortiz did actually file suit. Nor did Ortiz's counsel even contact USPS to ascertain the status of the claim.

Especially given that Ortiz's counsel has admittedly adjudicated these USPS claims before, and therefore would be familiar with the ability to sue after six months, the Court cannot find that such a delay satisfies Ortiz's requirement that she pursued her claims with reasonable diligence. Therefore, equitable tolling is inapplicable and Ortiz's lawsuit was untimely filed under the FTCA.

**IV.   Conclusion**

Ortiz fails to carry her burden to show by a preponderance of the evidence that the accident was caused by Roberson. In the alternative, because the Court finds that equitable tolling does not apply to Ortiz's claim, Ortiz's action is also time-barred. Therefore, the Court will enter Judgment in favor of the United States.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |